**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-11222
Summary Calendar
_____

LAWRENCE E. STEINBERG,

Plaintiff-Appellee,

VERSUS

CINEMA N' DRAFTHOUSE SYSTEMS, INC.;
JOHN J. DUFFY; JAMES T. DUFFY; and NORMA S. DUFFY,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:91-CV-1044-R)
_____

July 12, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Cinema N' Drafthouse ("C&D") and John, James, and Norma Duffy ("the Duffys") appeal the denial of leave to amend their answer to add certain counterclaims against Lawrence Steinberg. We conclude that the court abused its discretion by refusing to allow C&D to

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

add one of its counterclaims but properly refused to allow the remaining counterclaims.

## I.

When C&D defaulted on a note held by Steinberg, he sold the collateral. Because the collateral was worth less than the debt, he filed suit for the deficiency against C&D and its guarantors, the Duffys, who raised, as a defense, that Steinberg had sold the collateral in a commercially unreasonable manner. Steinberg responded by claiming that the defendants had waived the right to a commercially reasonable sale.

The district court agreed with the defendants. It found that Steinberg had sold the collateral in a commercially unreasonable manner and concluded that Texas law permitted neither C&D nor the Duffys to waive the right to a commercially reasonable sale. A panel of this court reversed in part, finding that the Duffys, as guarantors, could waive the right to a commercially reasonable sale. *See Steinberg v. Cinema N' Drafthouse Sys.,* 28 F.3d 23 (5th Cir. 1994) ("*Steinberg I*"). The Duffys then demanded that C&D indemnify them for their loss, and C&D did so in part.

The defendants then moved to amend their answer to assert new counterclaims. C&D sought to add a counterclaim under TEX. BUS. & COMM. CODE ANN. § 9.507 (West 1991), which allows a debtor to recover for "any loss" caused by a secured creditor's failure to dispose of

collateral in a commercially reasonable manner.  C&D incurred a loss by indemnifying the Duffys, and it maintained that the loss was due to Steinberg's failure to dispose of the collateral in a commercially reasonable manner.  The Duffys also sought to counterclaim under § 9.507, alleging that they had suffered a loss when they became liable to Steinberg for the deficiency and that the loss was the result of Steinberg's disposal of the collateral in a commercially unreasonable manner.[1]

The district court refused to allow the counterclaims for two reasons.  First, it found that the defendants had unduly delayed adding the counterclaims.  Second, it found the counterclaims were precluded by *Steinberg I*.

II.

Under FED. R. CIV. P. 15(a), a party may amend its pleading once as a matter of course.  Otherwise, it may amend "only by leave of court or by written consent of the adverse party; and leave

---

[1] C&D and the Duffys also sought to counterclaim under § 9.507 for attorneys' fees.  The defendants do not appear to seek review of the refusal to allow that counterclaim.  They offer no reason why the district court erred in finding those claims either unduly delayed or barred by *Steinberg I and* therefore have waived any objection.

FED. R. APP. P. 28(a)(6) requires that an appellant's brief "contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on."  An appellant that fails to present such an argument on any issue waives that issue. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 n.9 (5th Cir. 1995) (holding that "failure to provide any legal or factual analysis of an issue results in waiver"); *United States v. Maldonado*, 42 F.3d 906, 910 n.7 (5th Cir. 1995) (reasoning that failure to do more than vaguely refer to issue constitutes waiver); *Zuccarello v. Exxon Corp.*, 756 F.2d 402, 407 (5th Cir. 1985) (noting that court will not consider issue that was not briefed under standards of rule 28).

shall be freely given when justice so requires." *Id.* Although we review the denial of leave to amend for abuse of discretion, *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148 (5th Cir. Unit A Sept. 1981), the district court's discretion is not unfettered:

> In the absence of any apparent or declared reasonSSsuch as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.SSthe leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).


                              III.

C&D argues that it was unable to assert its counterclaims until the Duffys made a demand upon it for indemnification, while the Duffys maintain that they were unable to assert their counter-claims until we decided *Steinberg I*. The district court rejected these arguments, finding that the defendants were aware of the facts supporting their claims at the time they filed their original answer. We must therefore determine when the defendants were first capable of asserting their counterclaims.

A party may not maintain a cause of action until it suffers a legally redressable injury. *Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex. 1967). An injury under § 9.507 is redressable only if the injured party can prove an economic loss. *First City Bank-*

*Farmers Branch v. Guex*, 659 S.W.2d 734 (Tex. App.SSDallas 1983), *aff'd*, 677 S.W.2d 25 (Tex. 1984) (holding that "proof of economic loss . . . is required for compensatory damages"); *Bundrick v. First Nat'l Bank*, 570 S.W.2d 12, 19 (Tex. Civ. App.SSTyler 1978, writ ref'd n.r.e.) (deeming denial of recovery under § 9.507 appropriate where plaintiffs offered no proof of economic loss). The mere fact that Steinberg sold the collateral in a commercially unreasonable manner was not enough to enable the defendants to assert § 9.507 claims against him.

In *Atkins*, the court found that a taxpayer's cause of action for accountant malpractice accrued when he first received a deficiency notice from the IRS, not when the accountant provided bad advice:

> Prior to assessment the plaintiff had not been injured. That is, assessment was the factor essential to consummate the wrongSSonly then was the tort complained of completed. If a deficiency had never been assessed, the plaintiff would not have been harmed and therefore would have had no cause of action.

*Id*. at 153; *see also Green v. Helmcamp Ins. Agency*, 499 S.W.2d 730 (Tex. Civ. App.SSHouston 1972, writ ref'd n.r.e.) (holding that plaintiff's claim against insurance agency for failing to procure a liability insurance policy accrued when final judgment was rendered against him, not when agency failed to procure policy).[2]

---

[2] We recognize that both *Atkins* and *Green* determined when a cause of action accrued for purposes of the statute of limitations. We nonetheless believe their standard is applicable to this case, as a cause of action accrues for purposes of the limitations period "when one having a right of action first becomes legally entitled to apply to a court for relief." *Zidell v. Bird*, 692

Like a § 9.507 claimant, Atkins could not seek a judicial remedy until he was economically injured by his accountant's negligence.

It was not necessary that Atkins wait until the amount of damages became certain, however. *See Atkins*, 417 S.W.2d at 153 (holding that cause of action may accrue "notwithstanding the fact that the damages, or their extent, are not ascertainable until a later date"). Although the deficiency notice did not fix his liabilitySSit might have been thrown out in tax courtSSit was enough to enable him to seek relief. *Cf. Bankruptcy Estate of Rochester v. Campbell*, 910 S.W.2d 647, 651 (Tex. App.SSAustin 1995, writ granted) ("We reject the shareholders' argument that harm occurs only upon a judgment of deficiency because that approach requires *certain* harm in contravention of the legal injury rule's clear standard of *specific and concrete risk* of harm."). It is sufficient that a party suffer a "specific and concrete risk of harm." *Zidell*, 692 S.W.2d at 556.

Applying this standard, we conclude that C&D's claim accrued when the Duffys first demanded indemnification. Until that event occurred, whether C&D would suffer an economic loss was contingent on whether the Duffys would demand indemnification, just as Atkins's injury was contingent on whether the IRS would issue a deficiency assessment. It was the demand for indemnification that first presented C&D with a specific and concrete risk of loss.

---

S.W.2d 550, 554 (Tex. App.SSAustin 1985, no writ).

6

Because C&D sought to amend its answer less than one month after the Duffys demanded indemnification, the district court abused its discretion by refusing to allow the counterclaim.

In contrast, the Duffys could have asserted their counterclaim when this litigation began. While the Duffys' liability to Steinberg was not fixed with certainty until *Steinberg I* issued, Steinberg's initial complaint presented the Duffys with a specific and concrete risk of harm. The district court did not abuse its discretion by refusing to allow the Duffys' counterclaims.

The district court also denied the defendants leave to amend on the ground that their counterclaims were precluded by *Steinberg I*. Having determined that the district court properly refused to allow the Duffys' counterclaims on the ground that they were untimely asserted, we need not consider whether the court correctly found those claims barred by *Steinberg I*. We do not know whether the court meant to reject C&D's counterclaim on this basis as well. If so, it erred. *Steinberg I* addressed only the rights of the Duffys *vis-à-vis* Steinberg; it could not possibly have had any preclusive effect on C&D's claim.

Accordingly, the portion of the district court's order denying C&D leave to amend its answer to add a counterclaim against Steinberg for the loss it incurred by indemnifying the Duffys is VACATED and REMANDED. The remainder of the order is AFFIRMED.

7